J-S17031-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ARTHUR DUNN | |
| Appellant | No. 1207 WDA 2014 |

Appeal from the PCRA Order July 18, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0008051-1997

BEFORE:  GANTMAN, P.J., SHOGAN, J., and FITZGERALD, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED MARCH 18, 2015**

Appellant, Arthur Dunn, appeals from the order entered in the Allegheny County Court of Common Pleas, dismissing his serial petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On June 1, 1997, fifteen-year-old Appellant participated in a robbery, which resulted in the victim's death.  A jury convicted Appellant of second-degree murder and related offenses.  On April 12, 1999, the court sentenced Appellant to life imprisonment without the possibility of parole.  This Court affirmed the judgment of sentence on August 22, 2000, and our Supreme Court denied allowance of appeal on March 30, 2001.  **See Commonwealth v. Dunn**, 764 A.2d 1121 (Pa.Super. 2000), *appeal denied*, 565 Pa. 663, 775 A.2d 801 (2001).  Appellant filed the current *pro se* PCRA petition on July 9,

_____

*Former Justice specially assigned to the Superior Court.

2012.  The PCRA court appointed counsel, who filed a petition to stay pending resolution of **Commonwealth v. Cunningham**, 622 Pa. 543, 81 A.3d 1 (2013), which the PCRA court granted.  Thereafter, the PCRA court issued Rule 907 notice and dismissed the petition on July 18, 2014.  On July 25, 2014, Appellant timely filed a notice of appeal.  The PCRA court ordered Appellant to file a Rule 1925(b) statement, and Appellant timely complied.

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Hackett**, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009).  A PCRA petition must be filed within one year of the date the underlying judgment becomes final.  42 Pa.C.S.A § 9545(b)(1).  A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review.  42 Pa.C.S.A. § 9545(b)(3).  The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused.  42 Pa.C.S.A. § 9545(b)(1). A petitioner asserting a timeliness exception must file a petition within sixty days of the date the claim could have been presented.  42 Pa.C.S.A. § 9545(b)(2).  When asserting the newly created constitutional right exception under section 9545(b)(1)(iii), "a petitioner must prove that there is a 'new' constitutional right and that the right 'has been held' by that court to apply retroactively."  **Commonwealth v. Chambers**, 35 A.3d 34, 41 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012).

Instantly, Appellant's judgment of sentence became final on June 28, 2001. Appellant filed his current petition on July 9, 2012, more than eleven years after his sentence became final; thus, the petition is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke Section 9545(b)(1)(iii), contending his sentence is unconstitutional pursuant to *Miller v. Alabama*, ___ U.S. ___, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). Nevertheless, our Supreme Court has ruled *Miller* does not apply retroactively to sentences which became final before the filing date of *Miller* (June 25, 2012), *see Cunningham, supra*, and the U.S. Supreme Court has denied *certiorari* in *Cunningham*. *See Cunningham v. Pennsylvania*, ___ U.S. ___, 134 S.Ct. 2724, 189 L.Ed.2d 763 (2014). Thus, the PCRA court properly dismissed Appellant's petition.

Order affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/18/2015